JOHN GARDNER AND OTHERS *v.* PARKER J. GARDNER'S EXECUTOR AND OTHERS.

A testator died without issue, July 1, 1851, and by his will, admitted to probate July 5, 1851, devised to his widow all his real estate, and about seven thousand dollars worth of his personal estate, being all the personal estate except a few legacies of small amounts. The widow, without having made her election to take under the will, as prescribed by sections 45 and 46 of the "act regulating wills," passed March 23, 1840, died May 1, 1852, leaving a will, admitted to probate May 25, 1852, by the provisions of which she disposed of the property so devised to her. In an action by the heirs of the testator to recover the personal estate from the executors—Held: That if the widow, by reason of not having elected according to the provisions of the statute, was excluded from taking under the will, by the provisions of section 180 of the act to provide for the settlement of the estates of deceased persons, passed March 23, 1840, and of section 46 of said "act relating to wills," she would be entitled to all said personal estate "as next of kin."

RESERVED in the district court of Ross county.

Parker J. Gardner died without issue on the 1st of July, 1851, leaving his last will and testament, in which, after pro-

viding for the payment of certain legacies therein named, the testator, by the 5th item, provides as follows:

" I give, devise and bequeath to my beloved wife, Elizabeth Gardner, for and in lieu of her dower right in and to my estate, all the residue of my personal property, money, rights and credits, goods and chattels, and all my real estate, lands, tenements and hereditaments, to her and her heirs forever."

The will was admitted to probate, July 5, 1851.

The widow, named in the will, if she did not wholly fail to make her election to take under the will, at least failed to procure such election to be entered on the minutes of the court in which the will was proved and admitted to record. Whether she ever made any election is a disputed question of fact.

The testator died seized of certain real estate in Ross county, and also left personal property and effects.

The widow, Elizabeth Gardner, executed her last will and testament April 22, 1852, and died May 1, 1852. Her will was admitted to probate May 25, 1852, and therein she undertakes to dispose of the property covered by the 5th item of her deceased husband's will, by devising and bequeathing the whole of it to different persons.

The plaintiffs are the brothers, and claim to be the only heirs of the testator, Parker J. Gardner, and brought their action in the court of common pleas of Ross county, against the executors of the testator and testatrix, and the devisees and legatees of the latter, to obtain possession of the real estate, and to assert their right to the personal estate of the testator, Parker J. Gardner.

The real estate was made the subject matter of a distinct action, but the same has been settled by the parties, leaving the action as to the personal estate still pending for adjudication.

The case made by the petition, answers and demurrers thereto, was taken by appeal from the common pleas to the district court, and therein reserved to this court for decision

*C. N. Olds,* for plaintiffs.

*Hunter* and *Thurman*, for defendants.

SUTLIFF, C. J.—The plaintiffs do not question the legality of the execution and probate of the will; nor that its provisions express a clear intention on the part of the testator, Parker J. Gardner, to convey all his personal property not otherwise disposed of, to his widow, Elizabeth Gardner. But it is insisted by the plaintiffs, that the widow, in failing to comply with the provisions of sections 45 and 46 of the statute entitled " an act relating to wills," passed March 23, 1840, took nothing under the provisions of the will.

The following are the sections referred to :

SEC. 45. " If any provision be made for the widow in the will of her husband, she shall, within six months after probate of the will, make her election, whether she will take such provision, or be endowed of his lands; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention of the testator, that she should have such provision in addition to her dower."

SEC. 46. " The election of the widow to take under the will, shall be made known to the court of common pleas for the proper county, which shall be entered upon the minutes of the court, and if the widow fail to make such election, she shall retain her dower, and such share of the personal estate of her husband as she would be entitled to by law, in case her husband had died intestate; if she elect to take under the will, she shall be barred of her dower, and take under the will alone."

While it is conceded by counsel of plaintiffs that it might not be permitted the widow, after she had taken and enjoyed the provisions made for her under the will, as in the case of *Hoop* v. *Thompson* (6 Ohio St. Rep. 480), to deny having made her election, and claim her dower; it is insisted that it is not permitted her to prove her election to take under the will or to admit such proof by those claiming under her except by the record. At least, it is said, that inasmuch as the provisions of the statute above recited, require her election to be entered of record, it is not competent for her, or those claiming under

her, to prove her election by other than record evidence, without first accounting for the absence of such higher proof, which is presumed to exist. And the case of *Stilley* v. *Folger*, 14 Ohio Rep. 646, is referred to as sustaining this proposition. It is not material here, to inquire to what extent the case of *Stilley* v. *Folger*, may seem to favor this proposition; nor what was the particular difference in the two cases referred to. For the defendants do not in their defense necessarily controvert this proposition of the plaintiffs. But on the part of the defendants, it is denied that this is a case where any election was required under the will. It is insisted that by having respect to the whole will, it clearly appears that inasmuch as the fee of all the lands was conveyed by the terms of the will to the widow, the estate so devised to the widow, includes her dower estate. And that, therefore, it does appear plainly upon the face of the will that all real estate so conveyed thereby in fee simple, and the principal amount of the personal estate, amounting, as is said, to some $7000, was to be in addition to her dower. And the argument in support of the proposition is, that a devise to the widow of the lands in fee, necessarily implied an estate in addition to her dower estate; and that the will by its terms, therefore, shows it to have been· the intention of the testator that she should have such provision, the fee of the lands, not exclusive of her dower estate therein, but " in addition thereto;" or, in other words, that the widow should retain her dower estate in all his lands, and in addition thereto, have all that estate therein which would otherwise descend to the heirs of the testator. And in aid of this proposition, counsel of defendants moreover suggest, that it may be understood that in section 46, the term dower is only applied to the real estate, while the widow's distributive share of the personal property is not included in the term dower as used in that section.

Again, it is denied, on behalf of the defendants, even if an election on the part of the widow were in fact necessary, that the plaintiffs were entitled to inherit any part of the personal property.

It is provided, under the act entitled "an act to provide for the settlement of the estates of deceased persons," passed March 23, 1840, as follows:

SEC. 180. "When the intestate shall not have left any legitimate child, heir of her body, the widow shall be entitled to all the personal estate as next of kin, which shall be sub ject to distribution upon settlement of the estate," etc.

Now, if Parker J. Gardner had died intestate, there could be no doubt of his widow inheriting his personal property under this provision of the statute. But it is insisted by the plaintiffs, that inasmuch as the testator died testate, and that his will is in full force as to all other devisees or legatees, this provision of the statute has no application.

There are, however, two answers to this objection. The provision of the statute is in relation to the personal estate, and designed to provide for its disposition and distribution, in all cases where the deceased has failed to exercise his right of disposition of his personal estate in such cases. And it is. evident that if the testator has failed to dispose of this personal property by will, he is as certainly intestate as to this personal property, as he could have been if he had died intestate as to all his property. A reasonable interpretation of the term intestate, therefore, in this section of the statute, would seem to require, or at least to admit of its restriction to the subject matter of the section, to-wit: the personal property of which he is so found intestate, and which is subject to distribution upon settlement of the estate, in accordance with the statute, and not under the will. But if there were any doubt in regard to this construction of section 180, under consideration, all doubt would seem to be removed by the provisions of section 46 of the wills act already referred to.

While, as we have seen by section 45 of that act, it is expressly provided that where provision is made for a widow by her husband in the will, and she elects to take the same, instead of being endowed and taking under the statute, she shall *not* be entitled to *both*, unless it plainly appear to have been so intended by the will; yet it is equally evident by

section 46, that the widow is surely entitled to all her statutory provisions where she does *not* take under the will. The following is the language used: "and if the widow fail to make such election, she shall retain her dower, *and such share of the personal estate* of her husband, as she would be entitled to by law, in case her husband had died intestate."

It follows, therefore, from this provision in section 46 of the wills act, and section 180 of the administrators' act, that the widow, even if she did not take under the will, took as next of kin all the personal property left intestate, subject to distribution.

The petition in this case must, therefore, be dismissed; and judgment will be rendered in favor of the defendants.

Judgment accordingly.

PECK, GHOLSON, BRINKERHOFF and SCOTT, JJ., concurred.