Kunnen et al. *v.* Zurline et al.

*[General Term, April, 1873.]*

ANDREW S. KUNNEN ET AL. *v.* RICHARD ZURLINE ET AL.

A will executed by husband and wife, in which all the property devised is that of the husband only, and in which the wife merely accepts the provisions of the will, is not the joint will of both, but the valid will of the husband.

Where, in such will, the testator devises all his real and personal estate to his wife for life, and the remainder to his brothers and sisters and their legal representatives, and dies, in 1859, leaving no children or their legal representatives, and his widow fails to elect within one year to take under the will, such widow, by virtue of the laws of Ohio in force at the time of said testator's death, was entitled to all his real estate for life, and to all his personal property absolutely.

Kunnen et al. *v.* Zurline et al.

*H. D. Paul,* for plaintiff.

*Ransford Smith* and *Von Seggern & Glidden,* for defendants.

O'CONNOR, J. This is a reservation upon a demurrer to the petition.

The plaintiffs are the brothers and sisters and nephews and nieces of one John A. Kunnen, deceased, who, in January, 1852, executed a will, of which the following are the material parts for the purpose of this case:

" We, John Albert Kunnen and Maria Catherine Kunnen, his wife, having no children, and being desirous that no trouble should occur after our death, concerning the little property which may then be left, do hereby make and publish this our last will and testament: 1. I, John Albert, do hereby devise to my said wife, Maria Catherine, all my property, real and personal, that I may own, or to which I may be in any way entitled at the time of my death, so long as she remains my widow, she to pay thereout all just debts. 2. If my said wife should marry again after my death, I desire that she shall retain one-half of my property as above named, and my brothers and sisters the other half. 3. If my said wife should die without marrying again, as before named, I desire whatever property there may be left at her death be divided between my brothers and sisters and the brother of my said wife, so that each receive an equal share with the other. 4. I hereby nominate my said wife executrix of this will to carry out the intentions of this will. I, Maria Catherine Kunnen, do hereby join in the foregoing will, not only to express my full assent thereto, but also to dispose of any property that I might own, or to which I am in any way entitled in accordance with the above will." The will is signed by both husband and wife, and duly witnessed, on the 24th day of January, 1852.

On the 27th day of January, 1852, the following codicil, duly executed, was attached to the will: " My sister being

already deceased, her child, Henry Henneke, being the one to whom the part of my said sister is intended to be devised, as before named under item three, I desire that this part should go to the other two therein named, if he should die before receiving." This codicil is signed by the husband only.

On the 12th day of August, 1859, the testator, John A. Kunnen, died, and on the 16th day of August, 1859, the widow, Catherine Kunnen, qualified as executrix under the will, and entered into the possession of all the real estate and personal property left by the testator. The personal property was converted into money, and realized about seven thousand dollars—$3,800 of which she invested in a piece of real estate in this city, taking the title in fee simple to herself.

On the 24th day of December, 1871, Catherine Kunnen died, and on the 27th day of December, 1871, Richard Zurline, her brother, filed for record, in the recorder's office of Hamilton county, Ohio, a deed in fee simple, executed and delivered by Catherine Kunnen to Mina Zurline, the wife of Richard Zurline, dated 25th December, 1869, conveying to Mina Zurline the real estate for which Catherine Kunnen had paid $3,800.

Mina Zurline and Richard, her husband, are made the defendants in the case, and the plaintiffs say in their petition, that the said Catherine Kunnen had only a life estate in the real and personal property of her deceased husband, and that what was left at her death, after she had enjoyed the use of it, was left, by the will of John Albert Kunnen, her husband, to his brothers and sisters and nephews and nieces, the plaintiffs; and that as the real estate deeded to Mina Zurline by Catherine Kunnen, was purchased by Catherine Kunnen with the proceeds of the sale of the personal property which she (Catherine) had received under the will of her said husband, that she had only a life estate in said real estate, unless it became necessary for her use during her life, and that at her death the remainder passed

by said will to the plaintiffs. The plaintiffs, therefore, say that the deed from Catherine Kunnen to said Mina Zurline, who, it is alleged, paid no consideration therefor, was operative only during the life of said Catherine, and they ask that said Mina Zurline may be declared by the court to have no interest in the said real estate, and that said deed be canceled and held for naught.

It should be stated that Richard Zurline, the husband of Mina, and brother to Catherine, was by the will of John A. Kunnen made one of the devisees, to take equally with the plaintiffs, but as he refused to join as plaintiff he was made defendant with his wife Mina.

To this petition the defendants filed a general demurrer. The defendants claim:

1. That the will is a joint will, and therefore void; and consequently, by the statute of descents of 1857 (S. & C. 502), the testator, John A. Kunnen, dying without children or their legal representatives, his whole estate, real and personal, passed to his widow Catherine—the personal property absolutely, and the real estate in fee simple—unless it came to the testator by descent or devise, or deed of gift from an ancestor, in which case she would take for life only; that it is not claimed the estate came to the testator by descent, devise, or deed of gift, and, therefore, if Catherine took under the statute, she took a fee simple.

2. That if the will is not a joint one, and not void, yet the widow, Catherine, did not elect to take under it as provided by original section 44 of the act of May 3, 1852, relating to wills (Swan's Revised Statutes, 1029, S. & C. 1623, 1624); and, therefore, by virtue of said section 44, failing to elect to take under the will, she was entitled to retain such share of the personal estate of her husband as she would be entitled to by law, in case her husband had died intestate; and that as her husband died not leaving any legitimate child, heir of his body, she was entitled, under section 175 of the "act of 1840, for the settlement of estates of deceased persons" (S. & C. 601), to all the per-

sonal estate, as next of kin, which was subject to distribution upon settlement of the estate.

So that whether the will is void or not, counsel for the defendants claim that Catharine Kunnen, widow of John A. Kunnen, acquired all his personal property absolutely, by force of the statutes of the state. And that as the real estate in question was purchased by her with the money which the law thus gave her, the plaintiffs have no legal or equitable interest in it.

It is claimed by counsel for the plaintiffs:

1. That the will is not a joint one; that all that is devised is devised by the husband, and that all that the wife does by joining in the will is to accept its provisions.

2. That although the widow did not elect to take under the will, and have her election entered upon the minutes of the court, in accordance with said section 44 of the act relating to wills, yet that she did elect, *in fact*, to take under the will, by taking possession of the whole estate, real and personal, and holding the whole of the real estate during her life, when, by law, she was only entitled to a dower interest therein; and if she did so elect in fact, her election was as binding as if she had elected formally under the statute, and she could take nothing under said section 175 of the statute for the settlement of estates of deceased persons, nor under the statute of descents. That as under the will she was entitled, at most, only to the *use*, during her life, of her husband's real and personal estate, and as at her death there was left the real estate in question, purchased with the personal property left by her husband, and as no consideration therefore was paid her by Mina Zurline, and as therefore she did not use said real estate, and it was not necessary for her support, said piece of real estate is now, by virtue of the will of John A. Kunnen, the estate in common of the plaintiffs.

These opposing claims render it necessary to consider the nature of the will: whether it is the joint will of the husband and wife, or whether it is the will of the husband

Kunnen et al. *v.* Zurline et al.

only; and also what relation the widow sustained to the real and personal estate of her deceased husband under the laws of Ohio in 1859, the year in which he died.

Is the will set out in the petition a joint will? For if it is, it is void. In the case of *Julius Walker* v. *Margaret Walker*, 14 Ohio St. 157, it was held: "That a joint will is unknown to the testamentary law of this state, and is inconsistent with the policy of its legislation. And where a husband and wife, each being the separate owner of property, join in the execution of an instrument in the form of a will, and treating the separate property of each as a joint fund, bequeathed legacies and devised lands to divers persons, the same can not be admitted to probate as the joint will of both parties, nor as the separate will of either."

The court, after reviewing the authorities, say: "As has been said by Williams and Jarman, the principal objection to a joint will is the quality of revocability, which is inherent in a will. It is of the essence of a will that it is revocable. An irrevocable will is an anomaly—a contradiction in terms. It is the first deed and the *last* will which is operative. It is the policy of our law that wills may be readily revoked; and hence our statute of wills provides, 'that a will shall be revoked by the testator's tearing, canceling, obliterating, or destroying the same (with the intention of revoking it) by the testator himself, or by some person in his presence, or by his direction,' or by some other writing executed with the same formalities as a will, as well as by operation of law."

Another reason against the validity of joint wills is stated by the court as follows: "Our legislature provides, in extended detail, for the speedy settlement of the estates of deceased persons. Suppose, now, that a joint will, dealing with the separate property of both parties as if it were a joint fund, is held to be a valid will. One of the testators may survive the other for half a century. When is the will to be proved, and to thus become practically operative? On the death of both testators? If so, how is the estate

of the first decedent to be administered in the meantime, and what is to become of debts and legacies? If it is to be proved on the death of the first decedent, how are the legacies to be paid? If they remain in abeyance until after the death of both testators, what, in the meantime, is to be done with that portion of the property of the decedent which is ultimately to be devoted to their payment? If, on the other hand, they are to be paid in part at once, in what proportion is the property of the first decedent to contribute for that purpose? It seems to us that the recognition of the valid existence of such a will would be so fruitful of practical difficulties, as to render it wiser and better to ignore their cause, than to attempt to meet and overcome them."

Is, then, the will here in question a joint will? The Supreme Court, in the same case, say: "It is not a question relating to a will joint in form merely; as being drawn upon the same sheet of paper, executed simultaneously, and employing terms at the beginning and close of the instrument, which, considered by themselves, would imply that it was the joint act of the parties, which, in the body of the will, its provisions are such as to be really and necessarily several in their substance, operation, and effect. As where A. and B., joining in the execution of one testamentary instrument, therein declare their will to be, that, on the death of either of them, the survivor shall have the property of the one who dies first. Such wills have been called mutual wills, by way of contradistinction from joint wills; and in Connecticut and Georgia, they have been upheld; because, it is said, they are, though joint in form, necessarily several in their operation and effect; inasmuch as, under such an instrument, there can be but one giver and one taker—the whole taking effect on the death of that one who first dies, operating only on the estate of that one—and there being, therefore, in substance and effect, but one testamentary instrument. Nor is this—that is, a joint will,—"the case of a will where A. and B. join in the exe-

Kunnen et al. *v.* Zurline et al.

cution of what is, in form, a joint will, but which only disposes of property of which A. is the sole owner. Such a will has been sustained as the several will of A.; B. having nothing on which the will could operate, being held to be a mere cipher in the transaction."

The will last described by the Supreme Court is just such a will as the one now under consideration. The only property devised is the property of the husband. "I, John Albert, do hereby devise to my said wife, Maria Catherine, *all my property*, real and personal, that *I may own*, or to which *I* may be entitled at the time of my death, so long as she remains my widow." This is the only property devised by the will—his property. This devise the wife merely accepts. "I, Maria Catherine Kunnen, do hereby join in the foregoing will, not only to express my full assent thereto, but also to dispose of any property that I might own, or to which I am in any way entitled, in accordance with the above will." There is here no assertion of the existence of any property belonging to the wife, and the property which she "might own," or to which she is, "in any way entitled," seems to refer only to the very property which is provided for her by the will. We hold, therefore, that the will is not a joint will, but the sole and valid will of John A. Kunnen. And we may here remark, in reference to the probate of the will, to which our attention was called in argument, that the only question inquired into in the probate of a will, is the question of its due execution and the capacity of the testator to make it; and that in accordance with the ruling in *Mears* v. *Mears*, 15 Ohio St. 90, and in *Evans* v. *Anderson*, 15 Ohio St. 324, it is not the duty of the court in the probate of a will to give construction to the will or to the provisions of the will. In other words, the probate of a will only ascertains the proper execution of the will—not whether the will is joint or several, valid or invalid.

The will, then, being valid, and it containing a provision in favor of the widow, the next question is, whether the

widow elected to take under it, either *formally* under the statute, or *in fact,* by accepting the property devised and enjoying the same in such way as to estop her to deny that she did elect to take under the will.

The petition does not allege, nor is it claimed, that the widow elected to take under the will as provided by statute, or that her election was entered upon the minutes of the court.

Did she, then, so accept and enjoy the property devised to her in the will, as to amount, on her part, to an election *in fact* to take under it, and thus preclude herself from asserting any right to the property, "as next of kin," or as heir under the statutes, as they existed in 1859, the year of her husband's death?

It is alleged in the petition, and of course admitted by the demurrer, that on the death of her husband, John A. Kunnen, his widow, Maria Catharine Kunnen, took possession of all his real and personal estate, and enjoyed the use of the same during her whole life, and this is what she was authorized to do by the will. It is therefore claimed that as she enjoyed the whole estate during life, and that as by law, without the aid of the will, she would have been entitled to only her dower interest in the real estate, or to the use of only one-third of it for life, she did in fact enjoy the real estate by virtue of the provisions of the will, and that she did thus in fact elect to take under the will; and if she so elected as to the real estate, it necessarily follows that she also so elected as to the personal estate. But does it follow, because the widow, after the death of her husband, took possession of all his former real and personal estate, and enjoyed the same during her life, that she must have taken it under the will? Certainly not; because if she had come into court and refused to take under the will, or what is the same thing, if she refused or neglected to come into court for one year after her husband's death, to make an election to take under or reject the provisions of the will, she would have been entitled under the laws of Ohio, as

they stood in 1859, at the time of her husband's death, to all his real and personal estate. And if such was the law at that time, no inference can be drawn against the interest of the widow, from the fact that she took all the estate that was devised to her in the will. In fact, she took all that and a great deal more; she took by law an absolute life estate in the real estate, instead of a conditional estate during widowhood; and she also, by law, took all the personal estate absolutely as next of kin, instead of merely the use of it during life.

By section 2 of the statute of descent and distribution in reference to real estate, as amended April 11, 1857, and in force in 1859 (S. & C. 501), it is providep: "That if the estate of the intestate came not by descent, devise, or deed of gift" (from any ancestor), "it shall descend and pass as follows: *First.* To the children of the intestate and their legal representatives. *Second.* If there be no children or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate."

It is admitted that John A. Kunnen, the deceased, did not derive the real estate by descent, devise, or deed of gift. It is also admitted that he left no children, or their legal representatives. Nor did John A. Kunnen die intestate as to any portion of his real estate? If he did, his widow, under this section, would be entitled to it absolutely. By the provisions of the will, the widow, if she took under it, would have had a life estate in all the testator's real estate, if she remained a widow so long, with the remainder to the testator's brothers and sisters, nephews and nieces, the plaintiffs; or if she married again, she was to take one-half the real estate in fee simple, and the plaintiffs the other half. She did not marry again; and if she did not elect to take under the will within one year, the life estate intended for her in it, was left undisposed of. The plaintiffs could not take it, for the will gave them the remainder after her death, and their estate could not vest until that time. As to this life estate, then, John A.

Kunnen died intestate, *Gardner* v. *Gardner's Ex'r*, 13 Ohio St. 430; it being only devised upon condition that his widow would take it under the will, and as she refused so to take it, it became subject to pass to the next heir under the statute of descent and distribution; and, as we have seen by said section 2 of that statute, she *was* the next heir, and it was thus cast upon her by law. What the widow did with said real estate, or what became of it upon her death, the petition does not disclose, and is not a question in this case. But we have traced her right to a life estate in it, only to show that her enjoyment of it during life can raise no presumption that she elected to take under the will; in fact, her very refusal or omission to elect to take under the will *gave* her the life estate under the statute.

In the next place, what was the widow's position under the statute as to the personal estate?

Section 43 of the "act relating to wills," passed May, 1852, as said section was amended April, 1858 (S. & C. 1623), provides:

" Sec. 43. If any provision be made for a widow, in the will of her husband, it shall be the duty of the probate judge, forthwith after the probate of such will, to issue a citation to said widow, to appear and make her election, whether she will take such provision, or be endowed of the lands of her said husband, and said election shall be made within one year from the date of the service of the citation aforesaid; but she shall not be entitled to both unless it plainly appears by the will to have been the intention that she should have such provision in addition to her dower."

Original section 44 of the same act reads:

" Sec. 44. The election of the widow to take under the will, shall be made by her in person, in the probate court of the proper county, except as hereinafter provided; and on the application by her to take under the will, it shall be the duty of the court to explain to her the provisions of the will, her rights under it, and by law, in the

event of her refusal to take under the will.   The election of the widow to take under the will shall be entered upon the minutes of the court, and if the widow shall fail to make such election, she shall retain her dower, and such share of the personal estate of her husband as she would be entitled to by law, in case her husband had died intestate."

This section 44 was amended in March, 1860, seven months after John A. Kunnen died, by adding the words, "leaving children," so as to read : " And such share of the personal estate of her husband as she would be entitled to by law, in case her husband had died intestate, 'leaving children.' "   The original section, however, must govern in this case, as it was in force at the time of the husband's death.

John A. Kunnen having left no child, and the widow having failed to elect to take under the will, what share of her husband's personal estate would she be entitled to by law in case her husband had died intestate?

Section 175 (S. & C. 601) of an " act to provide for the settlement of estates of deceased persons," passed in 1840, provides as follows :

" Sec. 175.  When the intestate shall not have left any legitimate child, heir of his body, the widow shall be entitled to *all* the personal estate, *as next of kin,* which shall be subject to distribution upon settlement of the estate ; and if the intestate shall have left such child, the widow shall be entitled, upon distribution, to one-half of any sum not exceeding four hundred dollars, and to one-third of the residue of the personal estate subject to distribution."

And so the widow took it all.  And in this particular case it would make no difference to the widow whether the original section 44, or the amended section 44, was in force at the time of her husband's death ; because under the original section 44 she would take all the personal estate as " next of kin," under section 175 just read ; and under the amended section 44, although she would take but one-third

of it as next of kin, yet she would take the other two-thirds at least for life, as *heir*, under section 4 of the " act regulating descents and distribution of personal estates " (S. & C. 502), there being in this case no children or their legal representatives, and there being no disposition of any part of the two-thirds by the will.

The conclusion to which we have come, that the widow in this case, failing to elect to take under the will, was entitled as next of kin to all the personal estate of her husband, is sustained by the case of *Gardner et al.* v. *Gardner's Ex'r et al.,* 13 Ohio St. 426—a case nearly resembling this, and the argument in which for the defendants, in whose favor the case was decided, was prepared, as we understand, by Judge Yaple, though by some accident his name does not appear in the report. It was held, in that case, " that if the widow, by reason of not having elected according to the provisions of the statute, was excluded from taking under the will " of her husband, " she would be entitled to all said personal estate " provided for her in the will, " as next of kin."

It is alleged in the petition in this case, that the real estate to which the plaintiffs now claim title, was purchased by the widow with the personal property of her deceased husband; but as we have seen, by failing to elect to take under the will, that personal property became hers as next of kin under the statute, and therefore the real estate purchased by the widow with such personal property became hers in fee simple.

We hold, therefore, that the will set out in the petition is the sole valid will of John A. Kunnen; that Maria Catharine Kunnen, his widow, failing to elect to take under the provisions of said will, took all his real estate for life, under the statute of descent and distribution of 1852; and that she took all his personal estate absolutely as " next of kin" under the statutes above recited; and that she was seized in fee simple of the real estate which she afterward

conveyed to Mina Zurline, one of the defendants, and that the plaintiffs have now no interest therein.

The demurrer to the petition must therefore be sustained, and judgment entered for the defendants.